IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**In re:**

**ARCHDIOCESE OF MILWAUKEE,**

    **Debtor.**

Case No. 11-20059-svk

Chapter 11

---

**ARCHDIOCESE OF MILWAUKEE,**

    **Plaintiff,**

vs.

**ONEBEACON INSURANCE COMPANY, formerly known as Commercial Union Insurance Company**, a foreign corporation, 150 ROYALL ST CANTON, MA 02021 whose agents for service of process are the Wisconsin Commissioner of Insurance and/or CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717,

    Defendant.

Adv. Proc. No. _____

---

**COMPLAINT TO RECOVER MONEY OR PROPERTY AND FOR DECLARATORY RELIEF**
_____

Plaintiff Archdiocese of Milwaukee ("Archdiocese" or "Debtor"), by its attorneys, as and for its claims for relief against Defendant OneBeacon Insurance Company, f/k/a Commercial Union Insurance Company ("OneBeacon"), alleges and states as follows:

| | |
|---|---|
| John A. Rothstein<br>David P. Muth<br>QUARLES & BRADY LLP<br>411 East Wisconsin Avenue, Suite 2350<br>Milwaukee, Wisconsin 53202<br>Telephone: (414) 277-5351<br>Facsimile: (414) 978-8851<br>Email: john.rothstein@quarles.com | Daryl L. Diesing<br>Bruce G. Arnold<br>Francis H. LoCoco<br>Lindsey M. Greenawald<br>WHYTE HIRSCHBOECK DUDEK S.C.<br>555 East Wells Street, Suite 1900<br>Milwaukee, Wisconsin 53202-3819<br>Telephone: (414) 978-5523<br>Facsimile: (414) 223-5000<br>Email: ddiesing@whdlaw.com |

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Fed. R. Bankr. P. 7001(1) and 7001(9). This matter is a non-core, related to proceeding pursuant to 28 U.S.C. § 157(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested are 11 U.S.C. §§ 105 and 541, and 11 U.S.C. §§ 2201 and 2202.

2.      Pursuant to Fed. R. Bankr. P. 7008(a), the Debtor consents to entry of a final order or judgment by the Court.

## PARTIES

3.      The Archdiocese is a religious corporation organized under the laws of the State of Wisconsin and is located at 3501 South Lake Drive, St. Francis, Wisconsin 53235. It is the entity to whom the representatives of OneBeacon sold the policies of insurance set forth herein.

4.      OneBeacon is a corporation whose registered agent is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717. OneBeacon, during the time it was known as Commercial Union Insurance Company, was authorized to do business in Wisconsin and provided liability insurance to the Archdiocese including but not limited to policies bearing the following policy numbers:

>AW1102119 (5-15-1972 to 5-15-1975);
>
>AWW197187 (5-15-1975 to 5-15-1977);
>
>AWW324772 (6-15-1977 to 6-15-1978);
>
>AWW324772 (6-15-1977 to 6-15-1980);

AWW452502 (5-15-1980 to 5-15-1981);

CAP-AWW548615 (5-15-1981 to 5-15-1982).

The foregoing policies are hereinafter collectively referred to as the "Insurance Policies."

## THE INSURANCE POLICIES

7. The Debtor expended substantial premiums to purchase the Insurance Policies. The Insurance Policies require OneBeacon to defend the Debtor and/or to pay the Debtor's defense costs, as well as to pay all sums that the Debtor becomes legally obligated to pay as a result of bodily injury.

8. The Insurance Policies promised coverage for occurrences from 12:01 a.m. on May 15, 1972 through August 1, 1982.

9. The "Named Insured" under the Insurance Policies includes the Archdiocese.

10. All premiums and all terms and conditions of the Insurance Policies have been paid, satisfied or waived. The Debtor is entitled to all the benefits provided by the Insurance Policies.

## FACTS OF THE UNDERLYING CLAIMS

11. Prior to the commencement of this Chapter 11 proceeding on January 4, 2011, the Debtor was a defendant in fourteen (14) cases brought by seventeen (17) plaintiffs in Milwaukee County Circuit Court. In addition, Jeff Anderson & Associates, P.A., plaintiffs' counsel in these cases, also made a formal settlement demand on behalf of six (6) additional claimants. These plaintiffs and additional claimants are hereinafter collectively referred to as the "Pre-Petition Claimants."

3

12. The Debtor tendered the defense of these Pre-Petition Claimants to OneBeacon and, beginning no later than June 1, 2005, and subsequently, OneBeacon accepted the tender of defense of these claims.

13. On January 4, 2011, the Archdiocese commenced this bankruptcy proceeding.

14. Subsequent to the filing of this bankruptcy proceeding the Pre-Petition Claimants filed claims in this bankruptcy proceeding.

15. Thereafter, but prior to the bar date for filing claims established by the Court, more than 560 additional persons filed claims against the Debtor. Of those 560 additional claimants, 217 claimants asserted claims of sexual abuse allegedly occurring within the dates of OneBeacon's Insurance Policies (hereinafter the "Post-Petition Claimants").

16. On October 25, 2012, OneBeacon represented and promised to the Debtor that it would equally accept the defense of all additional Post-Petition Claimants.

## THE DISPUTE

17. Since January 4, 2011, the Debtor has been defending the claims of the Pre-Petition and Post-Petition Claimants (collectively, the "Claims").

18. On October 14, 2013, the Debtor made demand on OneBeacon to reimburse the Debtor for unpaid defense costs in the amount of $953,970.41 that the Debtor had incurred as a result of defending the Claims.

19. No payment has been made by OneBeacon on the unpaid defense costs presented in the demand dated October 14, 2013.

4

20. On December 30, 2013, the Debtor made another demand on OneBeacon to pay other incurred but unpaid defense costs in the amount of $2,645,815.11. The Debtor demanded a response by January 9, 2014, which was later extended by consent to January 13, 2014.

21. OneBeacon continues to refuse to pay the amounts incurred by the Debtor in defending the Claims.

## FIRST CLAIM FOR RELIEF: REQUEST FOR RECOVERY OF UNREIMBURSED DEFENSE COSTS

22. The Debtor realleges paragraphs 1-21 as is set forth in full herein.

23. OneBeacon promised to pay the Debtor for defending the Claims alleging acts of sexual abuse falling within the dates of the Insurance Policies.

24. The Debtor has twice tendered unpaid amounts of defense costs to OneBeacon for payment.

25. OneBeacon has failed and/or refused to reimburse the defense costs necessitated by the defense of the Claims, constituting a breach of OneBeacon's duty to defend the Debtor.

26. The Debtor is entitled to recover an amount not less than the $2,645,815.11 in fees and expenses properly and necessarily incurred by the Debtor as part of defending the Claims.

## SECOND CLAIM FOR RELIEF: REQUEST FOR DECLARATORY JUDGMENT FORFEITING COVERAGE ARGUMENTS IN THE EVENT OF NON-PAYMENT

27. The Debtor realleges paragraphs 1-26 as is set forth in full herein.

28. Under applicable Wisconsin law governing insurers like OneBeacon, where an insurer's obligation to provide indemnity obligations to its policyholder has not been resolved for a particular case in suit, the insurer is allowed to preserve all its policy defenses and arguments, and avoid the sanctions of estoppel and waiver on its indemnity obligations, by providing the policyholder with a defense of the underlying claim or case.

29. In the instant case, OneBeacon, beginning no later than June 1, 2005, has affirmatively availed itself of the election to provide the Debtor with a defense of the Claims in order to secure the benefits of the Wisconsin insurance law on OneBeacon's indemnity obligations.

30. The Debtor has twice tendered unpaid amounts of defense costs to OneBeacon for payment.

31. OneBeacon has failed and/or refused to reimburse the defense costs provided to it necessitated by the defense of the Claims, constituting a breach of OneBeacon's duty to defend the Debtor.

32. In the event OneBeacon continues in its refusal and/or failure to reimburse the Debtor for its unpaid defense costs, the Debtor is entitled to an order of the Court declaring that OneBeacon is estopped and/or has waived any defenses or objections to its obligation to provide

6

Case 14-02031-svk    Doc 1    Filed 01/22/14    Page 6 of 10

indemnity to the Debtor for all legal liability imposed on the Debtor by order or settlement flowing from the Claims.

## THIRD CLAIM FOR RELIEF: BREACH OF PROMISE

33. The Debtor realleges paragraphs 1-32 as is set forth in full herein.

34. OneBeacon promised to pay the Debtor for its costs in defending the Claims alleging acts of sexual abuse falling within the dates of the OneBeacon Insurance Policies.

35. OneBeacon has received good and valuable consideration for the promises made to the Debtor in the form of the benefits obtained by OneBeacon under applicable Wisconsin insurance law.

36. The Debtor has twice tendered unpaid amounts of defense costs to OneBeacon for payment.

37. OneBeacon has failed and/or refused to reimburse the defense costs necessitated by the defense of the Claims, constituting a breach of OneBeacon's duty to defend the Debtor.

38. OneBeacon has breached its promises and its duty to defend the Debtor.

39. The Debtor is entitled to a money judgment compensating it for all damages naturally and necessarily flowing from OneBeacon's breach.

## FOURTH CLAIM FOR RELIEF: BAD FAITH

40. The Debtor realleges paragraphs 1-39 as is set forth in full herein.

41. Under applicable Wisconsin insurance law, insurers doing business in the state have a duty of good faith and fair dealing toward their policyholders.

42. OneBeacon owes the Archdiocese a duty of good faith and fair dealing.

43. OneBeacon breaches this duty when it denies the payment of the Debtor's defense costs without a reasonable basis.

44. OneBeacon has failed and/or refused to reimburse the defense costs necessitated by the defense of the Claims, constituting a breach of OneBeacon's duty to defend the Debtor. Moreover, since the time the Debtor has been submitting invoices to OneBeacon for reimbursement, OneBeacon has denied payment and unilaterally claimed deductions from the Archdiocese's expenses without first seeking consent of the Archdiocese and/or approval by the Court or anyone else.

45. OneBeacon's breach of its duty of good faith and fair dealing directly and proximately caused the Debtor to suffer substantial monetary damages in an amount to be determined at trial.

46. On information and belief, OneBeacon's conduct toward the Debtor with respect to the payment of the Debtor's defense costs and bills is not unique. OneBeacon has engaged in similar conduct toward other policyholders as a strategy to improperly increase its profitabilty. OneBeacon's conduct toward the Debtor is in disregard of the rights of Debtor, and a wanton disregard of the duties to the Debtor, justifying the imposition of punitive damages.

**WHEREFORE**, the Archdiocese demands judgment as follows:

(a) a money judgment in an amount not less than $2,645,815.11, together with any additional amounts incurred by the Debtor to defend the Claims;

(b) in the event OneBeacon continues in its refusal and/or failure to reimburse the Debtor for its unpaid defense costs, a declaration that OneBeacon is estopped and/or has waived any defenses or objections to its obligation to provide indemnity to the Debtor for all legal liability imposed on it by order or settlement flowing from the Claims;

(c) a money judgment compensating the Archdiocese for all damages naturally and necessarily flowing from OneBeacon's breach of its promise to pay;

(d) an award of punitive damages concerning OneBeacon's refusal and/or failure to reimburse the defense costs provided to it necessitated by the defense of the Claims, constituting a breach of OneBeacon's duty to defend the Debtor.

Finally, the Archdiocese requests its taxable costs and disbursements of this action and such other and further relief that the Court determines is equitable under the circumstances including any supplementary relief that the Court deems appropriate.

Dated this 22nd day of January, 2014.

ARCHDIOCESE OF MILWAUKEE
Debtor and Debtor in Possession
By its counsel,
Quarles & Brady, LLC

By: /s/ John A. Rothstein
    John A. Rothstein
    David P. Muth

P.O ADDRESS:
411 East Wisconsin Avenue, Suite 2350
Milwaukee, Wisconsin 53202
Telephone: (414) 277-5000
Facsimile: (414) 271-3552
Email: david.muth@quarles.com
      john.rothstein@quarles.com

Whyte Hirschboeck Dudek S.C.

By: /s/ Francis H. LoCoco
Daryl L. Diesing
Bruce G. Arnold
Francis H. LoCoco
Lindsey M. Greenawald

<u>P.O ADDRESS:</u>
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: (414) 978-5305
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com
barnold@whdlaw.com
flococo@whdlaw.com
lgreenawald@whdlaw.com

10